IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBBY LEON NICHOLS**                                                                                     **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:25-cv-00082-TBM-RPM**

**HARRISON COUNTY, et al.**                                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Robby Leon Nichols' failure to comply with Court Orders. When he filed his Complaint, Plaintiff was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. His claims arise under 42 U.S.C. § 1983. [1], p. 1.

On September 24, 2025, a piece of mail addressed to Plaintiff at his last-known mailing address was returned to the Court as undeliverable. [19], p. 1. Accordingly, on November 18, 2025, the Court ordered Plaintiff, on or before December 2, 2025, to "file a written response to advise the Court whether he wants to proceed with this lawsuit." [20], p. 1. Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id*. That Order [20] was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable. [21], p. 1. Plaintiff did not comply with the Court's Order [20] by the December 2 deadline.

On December 12, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [22], p. 1. Plaintiff's responsive deadline was extended to December 29, 2025, and he was warned again "[t]hat failure to advise

the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [22], p. 2. The Order to Show Cause [22] and a copy of the Court's November 18 Order [20] were mailed to Plaintiff at his last-known mailing address, and they were also returned to the Court as undeliverable. [23], p. 1. Plaintiff did not comply with the Order to Show Cause [22] by the December 29 deadline.

On January 9, 2026, the Court entered a Second and Final Order to Show Cause [24], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [22] [20]." [24], p. 2. Plaintiff was ordered to file a written response on or before January 23, 2026. [8], p. 2. Plaintiff was also ordered, on or before the January 23 deadline, to comply with the Court's November 18 Order [20] "by filing a written response to answer the question posed therein." [24], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." [24], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [22] [20]." [24], p. 3. The Second and Final Order to Show Cause [24], a copy of the Order to Show Cause [22], and a copy of the Court's November 18 Order [20] were mailed to Plaintiff at his last-known mailing address, and they were yet again returned to the Court as undeliverable. [25], p. 2.

Plaintiff has not complied with the Second and Final Order to Show Cause [24], and he has not communicated with the Court about his lawsuit since July 18, 2025. [14], pp. 1-2. This inaction is despite being warned twelve times that a failure to advise the Court of a change of address or a

failure to timely comply with the Court's orders may lead to the dismissal of his case. *See* [1-2], p. 1; [3], p. 2; [5], p. 2, [6], pp. 2-3; [8], p. 2; [11], p. 2; [12], p. 2; [13], p. 2; [15], p. 2; [20], p. 2; [22], p. 2; [24], pp. 2-3. This inaction is also despite having demonstrated knowledge of this directive once before by changing his address with the Clerk of Court. *See* [7-1], p. 1. The Court has been unable to locate Plaintiff's current address, despite independent research.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [24] [22] [20], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 4th day of March, 2026.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**